UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAH JONES,
    Plaintiff,

-vs.-                                      **DEMAND FOR JURY TRIAL**

EQUITYEXPERTS.ORG, LLC,
A Michigan Limited Liability Company,

    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Leah Jones, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Southfield, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC ("Equity Experts") which is a Delaware company that maintains registered offices in Southfield, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Mrs. Jones to Highlands Estates Condominium Association regarding unpaid association dues. These

dues relates to the Plaintiff's former home which she lost in a foreclosure in 2009 in the amount of $334.55 (the "Debt").

9. The last time that Plaintiff made any payment on the alleged Debt was in 2009. The alleged Debt is expired under the applicable Statute of Limitations which is six years from the date of last payment. The debt is unenforceable.

10. On or about February 17, 2016, Mrs. Jones received a letter from Defendant attempting to collect the alleged Debt. In this letter, Defendant attempted to settle the alleged Debt as it stated, "If you are willing to settle this account promptly, we are willing to offer you a substantial discount off the unpaid debt balance listed above. To take advantage of this discount, please call us at (855) 321-3973 to discuss this important matter."

11. Sometime in July 2016, Mrs. Jones received a phone call from Defendant and it left her a voicemail stating that it was going to take legal action against her.

12. Mrs. Jones has suffered pecuniary and emotional damages as a result of Defendant's violation of the FDCPA, plus costs and attorneys' fees.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692 e(2)(A) by misrepresenting the character, amount, or legal status of any debt when it sent Mrs. Jones a letter attempting to settle the alleged Debt which has been expired by the Statute of Limitations. Defendant also violated this provision of the FDCPA when it threatened Mrs. Jones with a lawsuit over the unenforceable;

    b. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law when it attempted to settle the alleged Debt even though it has been expired by the Statute of Limitations;

    c. 15 U.S.C. §1692(10) by using false representations or deceptive means to collect or attempt to collect any debt when it attempted to settle the alleged Debt that is unenforceable. Defendant also violated this provision when it threatened to file a lawsuit over the unenforceable Debt.

    d. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken when it threatened to file a lawsuit over the unenforceable Debt.

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt when it threatened to file a lawsuit and when it offered to settle the alleged Debt which is unenforceable.

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

    c. MCL §339.915(f)(i) by misrepresenting the legal status of a legal action being taken or threatened when it threatened to file a lawsuit and when it offered to settle the alleged Debt which is unenforceable.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252 (e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt when it threatened to file a lawsuit and when it offered to settle the alleged Debt which is unenforceable.

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

    c. MCL §445.252(f)(i) by misrepresenting the legal status of a legal action being taken or threatened when it threatened to file a lawsuit and when it offered to settle the alleged Debt which is unenforceable.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

  a. Actual damages.

  b. Statutory damages.

  c. Treble damages.

  d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated:  August 24, 2016