UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAH JONES,

        Plaintiff,        Case No. 16-CV-13064

vs.        HON. GEORGE CARAM STEEH
        MAG. JUDGE ELIZABETH STAFFORD

EQUITYEXPERTS.ORG, LLC,
A Michigan Limited Liability Company,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DISMISSING COMPLAINT [DOC. 13]

Plaintiff Leah Jones filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Occupational Code ("MOC"), M.C.L. §339.915 *et seq.*, and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. §445.252 *et seq*. Plaintiff asserts claims under the FDCPA alleging that defendant Equity Experts misrepresented that she has a legal obligation to pay a debt and deceptively failed to advise plaintiff that partial payment of this debt would revive an expired statute of limitations.

The matter is before the Court on plaintiff's motion for summary judgment. The court held oral argument on the motion on December 20,

2017. For the reasons stated below, plaintiff's motion for summary judgment is DENIED and plaintiff's complaint is DISMISSED.

Plaintiff's lawsuit arises from defendant's attempt to collect on a $334.55 debt that plaintiff owed to Highlands Estates Condominium Association for unpaid association fees regarding a home lost to foreclosure in 2009. Plaintiff's last payment made toward the debt was on July 9, 2008. Following plaintiff's default on her home, the Association assigned all of its right, title and interest in any unpaid sums owed by plaintiff to defendant. Defendant subsequently sent a collection letter to plaintiff on February 17, 2016 in an effort to collect the debt.

Plaintiff claims that this debt became legally unenforceable after July 9, 2014 because the six year statute of limitations had expired. M.C.L. §600.5807(8). Plaintiff asserts that M.C.L. §600.5807(8), which governs recovery of damages or sums due for breach of contract, is the correct statute of limitations to apply because she characterizes the debt as arising from a contractual duty under the Association bylaws.

Defendant conversely contends that the debt falls under M.C.L. §600.5807(4), covering actions founded upon covenants in deeds and mortgages of real estate, and is thus subject to a ten year statute of

limitations. The court finds that the statute of limitations in M.C.L. §600.5807(4) applies to this case because the debt arises from a covenant in the master deed and the corresponding bylaws which are expressly incorporated into the master deed. Under the ten year statute of limitations, plaintiff's debt is not time-barred.

At oral argument, plaintiff's counsel conceded that if the ten year statute of limitations is found to apply to plaintiff's claims, then plaintiff's complaint fails to state a cause of action. There was no argument on the state court counts asserted by plaintiff in her complaint. In its response to plaintiff's motion for summary judgment, defendants request that the court dismiss plaintiff's complaint in its entirety and enter judgment in favor of defendant.

For the reasons set forth above, the court denies plaintiff's motion for summary judgment and dismisses plaintiff's FDCPA claim. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS HEREBY FURTHER ORDERED that the court declines to exercise supplemental jurisdiction over plaintiff's remaining state claims.

IT IS HEREBY FURTHER ORDERED that plaintiff's complaint is DISMISSED in its entirety.

Dated: January 3, 2018

>                             s/George Caram Steeh
>                             GEORGE CARAM STEEH
>                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk